IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY LEE McCABE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 06-341-JPG |
| | ) |
| **JOHN MARTIN DELANEY, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

**GILBERT, District Judge:**

At the time he filed this action, Plaintiff was confined at the Illinois Department of Human Services Treatment and Detention Facility (DHS/TDF) in Joliet, Illinois, pursuant to the Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*. In granting his *in forma pauperis* motion and assessing the filing fee, *see* 28 U.S.C. § 1915(b), the Court noted that civilly committed sex offenders in Illinois are subject to the PLRA. *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

Before the Court now is Plaintiff's motion for relief from judgment (Doc. 6), filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the

Case 3:06-cv-00341-JPG   Document 7   Filed 08/04/06   Page 2 of 3   Page ID #29

proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In his motion, Plaintiff argues that the Court erred in finding that the provisions of the PLRA apply to him. These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion is **DENIED**. Plaintiff remains liable for the full $350 filing fee for this action.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff brings this civil rights action against the attorney who represented him in his state court criminal proceeding. Although he couches his claims as violations of his constitutional rights, this action essentially is one of legal malpractice. The law is clear that a party may not sue his attorney for legal malpractice in a civil rights suit, and this principle holds true even if that attorney was court-appointed attorney and employed by the state. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Plaintiff's malpractice claim against Defendant is therefore frivolous as a federal civil rights claim. Legal malpractice claims belong in state court; this Court expresses no opinion on the merits of such a claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: August 4, 2006**

                                             **s/ J. Phil Gilbert**
                                             **U. S. District Judge**